IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHELLE L. NEWKIRK                                                        PLAINTIFF

vs.                                        Civil No. 2:16-cv-02200

NANCY A. BERRYHILL                                                      DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Michelle L. Newkirk ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and

a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on June 14, 2013 (DIB) and on June 27,

2013 (SSI). (Tr. 15). In her applications, Plaintiff alleges being disabled due to high blood pressure,

back surgery, and herniated discs. (Tr. 219). Plaintiff alleges an onset date of June 30, 2012. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The
transcript pages for this case are referenced by the designation "Tr."

1

15).  These applications were denied initially and again upon reconsideration.  (Tr. 86-89).

Thereafter, Plaintiff requested an administrative hearing on her denied applications.  (Tr. 131-132).  The ALJ granted that request and held an administrative hearing on December 3, 2014 in Minneapolis, Minnesota.  (Tr. 32-67).  At this hearing, Plaintiff was present and was represented by Devon Brady.  *Id.*  Plaintiff and Vocational Expert ("VE") Norman A. Mastbaum testified at this hearing.  *Id.*

After this hearing, on January 12, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability applications.  (Tr. 12-26).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017.  (Tr. 17, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2012, her alleged onset date.  (Tr. 17, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis, hypertension, and obesity.  (Tr. 18, Finding 3).  Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18, Finding 4).

The ALJ determined Plaintiff was fifty (50) years old on her alleged disability onset date, which is defined as an "individual closely approaching advanced age."  (Tr. 24, Finding 7).  As for her level of education, the ALJ determined she had a limited education but was able to communicate in English.  (Tr. 24, Findings 7-8).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 19-24, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC

to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b); except claimant must be able to stand for ten minutes after every fifty minutes of sitting, and must be able to sit for fifteen minutes after every fort-five minutes of standing or walking. She may never climb ladders, ropes, or scaffolds; and may only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 24, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform occupations such as the following: (1) park lot cashier (light, unskilled) with 1,100 such jobs in the state and 60,000 such jobs in the nation; (2) folder or bagger in the laundry business (light, unskilled) with 400 such jobs in the state and 15,000 such jobs in the nation; and (3) paper folding machine operator (light, unskilled) with 820 such jobs in state and 106,000 such jobs in the nation. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 30, 2012 through the date of his decision or through January 12, 2015. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 6-10). On June 10, 2016, the Appeals Council denied this request. (Tr. 1-3). On August 15, 2016, Plaintiff filed the present appeal with the Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 17, 2016. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case

is now ripe for determination.

**2.**    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ erred in not considering the "new and material evidence" she submitted which she claims "substantially supports a finding of disability"; (2) the ALJ erred in his credibility determination; and (3) the ALJ erred in his RFC determination.  ECF No. 13 at 1-18.  Upon review, the Court agrees with Plaintiff's second argument and finds the ALJ improperly evaluated her subjective complaints.  Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.*  Instead of

complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's

medical records.  (Tr. 18-24).  Indeed, although the ALJ recited he had properly evaluated Plaintiff's

subjective allegations, the ALJ truly only discounted Plaintiff's subjective complaints because they

were not supported by her medical records:

> In sum, the overall evidence discussed above, *including the course of treatment,*
> *objective medical findings, observations by providers,* daily activities/overall
> functioning, and the evidence as a whole supports the residual functional capacity
> and does not support the allegation of disability.

(Tr. 24) (emphasis added).

Indeed, although the ALJ also referenced Plaintiff's daily activities, those activities only

included being able to drive "to the grocery store approximately twice per month where she spends

approximately 45 minutes shopping" and cooking "meals with her daughter-in-law," doing laundry,

and cleaning her room where "she lives with her son and daughter-in-law."  (Tr. 20).  These

activities are certainly not extensive.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a

sufficient basis was improper under *Polaski*.  See *Polaski,* 739 F.2d at 1322 (holding a claimant's

subjective complaints cannot be discounted "solely because the objective medical evidence does not

fully support them [the subjective complaints]").  Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.**    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of July 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

8